**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Daniel Trejo, | No. CIV 14-2046-TUC-JAS (LAB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Charles L. Ryan; et al., | |
| Respondents. | |

Pending before the court is a petition for writ of habeas corpus filed on April 23, 2014, by Christopher Daniel Trejo, an inmate confined pursuant to a judgment of the Pima County Superior Court, Tucson Arizona. (Doc. 1, p. 1)

Pursuant to the Rules of Practice of this court, this matter was referred to Magistrate Judge Bowman for report and recommendation. LRCiv 72.2(a)(2).

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order dismissing the petition. It is time-barred.

Summary of the Case

Trejo was convicted after a jury trial of "fourteen felonies arising from a home invasion and ensuing police chase." (Doc. 1-2, p. 2) The trial court sentenced Trejo to "a combination of consecutive and concurrent aggravated prison terms, totaling 77.5 years." *Id*.

On direct appeal, Trejo argued (1) the prosecutor committed misconduct during the trial, (2) the evidence was insufficient for conviction because it was circumstantial, (3) the trial court

failed to dismiss "two jurors who had heard news reports of his codefendant's attempted escape from jail," and (4) the trial court improperly aggravated his sentences based on circumstances not found by the jury in violation of *Blakely v. Washington*. (Doc. 1-2, p. 9)

The Arizona Court of Appeals affirmed Trejo's convictions and sentences on June 10, 2005. (Doc. 1-2, pp. 1-15) The Arizona Supreme Court denied Trejo's petition for review on January 5, 2006. (Doc. 13-3, p. 40) Trejo did not file a petition for review with the U.S. Supreme Court. (Doc. 1, pp. 4-5)

Trejo alleges he filed notice of post-conviction relief "[o]n or about June 9, 2011." (Doc. 1, p. 5) He maintains his petition was denied in December of 2013. *Id*. He further alleges he appealed this denial to the Arizona Court of Appeals and to the Arizona Supreme Court. *Id*. The respondents maintain there is no record of this petition in the court files. (Doc. 13, p. 3)

On April 23, 2014, Trejo filed in this court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1) He claims the trial court improperly aggravated his sentences based on circumstances not found by the jury in violation of *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531 (2004) and *Cunningham v. California*, 549 U.S. 270, 127 S.Ct. 856 (2007). *Id*.

On July 23, 2014, the respondents filed an answer arguing among other things that the petition is time-barred. (Doc. 13) Trejo did not file a reply. The respondents are correct; the petition is time-barred.

Discussion

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The petition, however, must be filed within the applicable limitation period or it will be dismissed.

A one-year limitation period applies to persons in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d). The limitation statute reads in pertinent part as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

- 2 -

|     |     |                                                                                                                                                                                                                      |
| --- | --- | -------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- |
|     | (A) | the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;                                                                                |
|     | (B) | the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; |
|     | (C) | the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or |
|     | (D) | the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. |
| (2) |     | The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. |

28 U.S.C. § 2244(d). The "one-year statute of limitations . . . applies to each claim in a habeas application on an individual basis." *Mardesich v. Cate*, 668 F.3d 1164, 1170 (9th Cir. 2012).

The respondents argue the limitation period for Trejo's single claim was triggered on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The court agrees.

The Arizona Court of Appeals affirmed Trejo's convictions and sentences on June 10, 2005. (Doc. 1-2, pp. 1-15) The Arizona Supreme Court denied Trejo's petition for review on January 5, 2006. (Doc. 13-3, p. 40) Trejo then had 90 days to petition the U.S. Supreme Court for review. Sup. Ct. R. 13. When he did not do so, his judgment became final on April 5, 2006. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The limitation period was triggered on that date and expired one year later on April 5, 2007. Trejo's petition was filed on April 23, 2014. (Doc. 1) It is time-barred.

Trejo, however, argues his claim is based on the Supreme Court case *Cunningham v. California*, 549 U.S. 270, 127 S.Ct. 856 (2007), which was applied retroactively on collateral review in *Butler v. Curry*, 528 F.3d 624, 639 (9th Cir. 2008). Although he does not explicitly argue the point, it appears that Trejo believes the limitation period was triggered later, when *Cunningham* was decided. *But see, Coyne v. Grounds*, 2012 WL 5868623, 3 (E.D.Cal. 2012)

(*Cunningham* did not provide a later triggering date because the Supreme Court has not found its holding to be retroactive and because the case does not announce a new rule of law.).

Assuming in the alternative that Trejo is correct, the limitation period was triggered on "the date on which the constitutional right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2244(d)(1)(C). *Cunningham* was decided on January 22, 2007. *Cunningham*, 549 U.S. at 270, 127 S.Ct. at 856. Accordingly, the limitation period was triggered on that date and expired one year later on January 22, 2008. *See Dodd v. U.S.*, 545 U.S. 353, 360, 125 S.Ct. 2478, 2483 (2005). Trejo's petition was filed on April 23, 2014. (Doc. 1) It is time-barred.

Trejo alleges he filed a post-conviction relief notice "[o]n or about June 9, 2011." (Doc. 1, p. 5) Assuming he did so, it has no effect on the limitation calculus because the limitation period had already expired when it was filed. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

Trejo did not file a reply arguing he is actually innocent or entitled to equitable tolling.

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order Dismissing the petition for writ of habeas corpus. (Doc. 1) It is time-barred.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, they may be deemed waived. The Local Rules permit a response to an objection. They do not permit a reply to a response.

DATED this 2nd day of December, 2014.

_____
Leslie A. Bowman
United States Magistrate Judge